OPINION. Offer, Judge'. Accepting as sufficiently demonstrated the nature and necessity of petitioner’s business use of his private automobile, it becomes necessary to allocate the total cost as between personal and business operation in order to ascertain the amount deductible. E. C. O'Rear, 28 B. T. A. 698, 701; affd. (C. C. A., 6th Cir.), 80 Fed. (2d) 478. The evidence, principally that of petitioner himself, does not furnish definite figures. In the findings we have set forth the proportion which seems to us as nearly accurate as can, be estimated. Cohan v. Commissioner (C. C. A., 2d Cir.), 39 Fed. (2d) 540. Assuming a total annual mileage of 16,000, petitioner’s testimony requires the conclusion that some 12,000 miles a year were devoted to personal purposes, including his own travel between home and office, evening social use, and his wife’s trips in the daytime. The remaining one-fourth is the fraction we have adopted as representing the allocation to business purposes. Nor can we agree that section 23 (a) (2) of the Internal Revenue Code (Revenue Act of 1942, sec. 121), permitting the deduction of expenses incurred for the production of income, has the effect of limiting the principle that the cost of transportation from home to business is nondeductible. That is a personal expense. E. C. O'Rear, supra. Personal expenses are not deductible, even though somewhat related to one’s occupation or the production of income. See Henry C. Smith, 40 B. T. A. 1038; affd. (C. C. A., 2d Cir.), 113 Fed. (2d) 114. And the prohibition of deductions for personal expenses remains unaltered. Sec. 24 (a) (1). There is no suggestion here that petitioner’s occupation was not his “trade or business,” and hence the scope of the 1942 amendment does not extend to his situation at all. “A deduction under this section is subject, except for the requirement of being incurred in connection with a trade or business, to all the restrictions and limitations that apply in the case of the deduction under section 23 (a) (1) (A) of an expense paid or incurred in carrying on any trade or business.” Report of Senate Finance Committee, S. Rept. No. 1631, 77th Cong., 2d sess., 1942-2 C. B. 504, 571. We think this contention by petitioner, if it be such, must be rejected. Decision will be entered vmder Rule 50.