OPINION Kern, Judge: Section 162(a) provides in part that “There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including— * * * (2) traveling expenses (including amounts expended for meals and lodging * * * ) while away from home in the pursuit of a trade or business.” If it had not been for petitioner’s statements attached to his income tax return for the taxable year in which he reiterated the assertion that his “tax home” was located at the headquarters of his union in Washington, D.C., rather than at his place of residence at Wil-liamsport, Md., we doubt that this case would ever have arisen. Since he did make these assertions and since it was apparent that the expenses incident to the Landover employment were incurred in the vicinity of his claimed “tax home” in Washington the respondent disallowed the deduction of such expenses. At the trial of this case the petitioner disavowed the assertions that his “tax home” was in Washington and the facts stipulated and established by the record herein persuade us that petitioner’s legal conclusions with regard to his “tax home” asseverated in the statements above referred to were erroneous. Petitioner had three places of employment during the taxable year. All of them were away from his home which was in Williamsport, Md.[3] However, respondent concedes that his employment at all three places was temporary. In Ronald, D. Kroll, 49 T.C. 557, 564-565, we stated the rule to be “that when a taxpayer maintains a residence away from the vicinity of his nontemporary principal place of business, that residence is not his home within the meaning of section 162.” The corollary of this is that where a taxpayer does not have a nontemporary principal place of business away from the vicinity of his residence, then his place of residence remains his home for tax purposes. Respondent’s learned counsel, although obviously surprised at the trial herein by petitioner’s change of position from an insistence that his “tax home” was the union headquarters in Washington to a contention that his one and only home for all purposes was Williams-port, continued his defense of the deficiency determined herein by advancing the argument that the union headquarters in Washington constituted petitioner’s “principal place of business, employment, or post or station at which he was employed.”[4] Only if we should agree with this argument of respondent and should conclude that petitioner’s “tax home” was Washington, D.C., would it be possible to decide in favor of respondent on the record before us. We are unable to agree with respondent’s argument on this point or to reach the conclusion that Washington was petitioner’s “tax home.” It appears that officers of petitioner’s union functioning at the union headquarters in Washington were helpful and even instrumental in obtaining employment for petitioner during the taxable year. However petitioner worked and created income by his various employments not in Washington but in Chalk Point, Front Royal, and Landover.[5] It was in those places rather than Washington that petitioner had a place of business, a place of employment, or a “post or station at which he was employed.” Since these were temporary places of business and employment, petitioner’s residence did not cease to be “his home within the meaning of section 162.” Therefore Washington was not his “tax home” and his expenses incident to the Land-over employment were not incurred in the vicinity of his “tax home.” Decision will he entered for the 'petitioner. The parties are In agreement that petitioner maintained a home at all times at Williamsport, -where his family lived throughout the taxable year and -where petitioner lived on weekends and during that part of the year when he was not employed at Front Royal, Chalk Point, or Landover. Accordingly we do not have the problem involved in those cases where the taxpayers had no permanent home. See Irving R. Sapson, 49 T.C. 636, and cases cited. A quotation from Floyd Garlock, 34 T.C. 611, 614. “As part of the Landover job petitioner worked a few days In Washington. In our opinion this circumstance may be dismissed as de minimis.