GEORGE J. STOLPA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stolpa v. Commissioner
Docket No. 396-76.
United States Tax Court
T.C. Memo 1977-354; 1977 Tax Ct. Memo LEXIS 84; 36 T.C.M. (CCH) 1417; T.C.M. (RIA) 770354; October 5, 1977, Filed *84 P was employed by the same employer at different locations away from Winona for 4 consecutive years. During this period, P did not generally seek other employment in Winona, although it was evident he would not be reassigned to the vicinity of Winona. Held, P's living expenses during such period were not incurred while traveling away from home and were not deductible under sec. 162(a)(2), I.R.C. 1954. Robert D. Langford, for the petitioner. James C. Lanning, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioner's Federal income taxes of $1,299.29 for 1972 and $2,024.34 for 1973. By stipulation, the parties have resolve some issues; the sole issue remaining for decision is whether the petitioner's expenses for food and lodging in 1972 and 1973 were deductible traveling expenses incurred while away from home under section 162(a)(2) of the Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, George J. Stolpa, *85 maintained his legal residence in Winona, Minn., at the time of filing his petition in this case. He filed his Federal income tax returns for 1972 and 1973 with the Office of Internal Revenue Service, St. Paul, Minn. The petitioner has been a member of Carpenters Union, Local 307, Winona, Minn., since approximately 1964. For several years before 1971, he was employed as a carpenter generally in the Winona area. The petitioner was divorced in November 1970; since 1971, he has resided with his mother in Winona, and his two children have resided with his former wife in Winona. In February 1971, the petitioner commenced working for Johnson Brothers Highway and Heavy Constructors, Inc. (Johnson Brothers)--currently known as Johnson Brothers Corp.--as a carpenter at a sewage treatment facility in Winona. He worked there until mid-December 1971, when prior to the completion of that project, he was promoted to carpenter foreman and transferred to the Blue Lake sewage treatment facility (Blue Lake) near Shakopee, Minn. Except for a 6-week strike commencing in May or June of 1972, the petitioner worked continuously at Blue Lake until December 13, 1972. While working at Blue Lake, he *86 observed the following weekly schedule: On Monday morning, he left Winona and drove to Blue Lake, a distance of approximately 128 miles. From Monday to Friday morning, he rented a room in a boarding house near Blue Lake on a daily basis. He claimed that his expenses for room and board at Blue Lake between January 1, 1972, and December 13, 1972, at $14 per day for 260 days amounted to $3,640. [2] On Friday evening, the petitioner returned to Winona and stayed with his mother, paying her between $10 and $15 per weekend depending upon how much he ate. Every weekend in Winona, the petitioner visited his children. He continued to do his banking in Winona and, when necessary, received medical treatment there or in LaCrosse, Wis. Intermittently, he worked at constructing a house on property he owned in Winona, which in a later year was sold for a profit. During the strike in 1972, the petitioner stayed with his mother and paid her at least $10 to $15 per week for room and board. Although *87 he actively searched for work in the Winona area, he was unemployed for the duration of the strike, except for one day when he worked for Johnson Brothers in Winona. This was the only time that the petitioner sought other employment during 1972 and 1973. On December 14, 1972, prior to the completion of the carpentry work at Blue Lake, the petitioner was transferred to a sewage treatment facility at Council Bluffs, Iowa. He worked there as a carpenter foreman for the remainder of 1972 and throughout 1973. His weekly schedule at Council Bluffs paralleled his Blue Lake routine in all respects except the following: He drove to Council Bluffs on Sunday evening rather than Monday morning, and he rented a room in the Bluffs Motel on a weekly basis rather than a daily basis. He deducted $4,160 for room and board at Council Bluffs during 1973. As a carpenter foreman, the petitioner knew he would remain at Blue Lake and Council Bluffs only until the carpentry work was completed, which would not exceed 1 year for each project. The minimum time he would spend at a project was uncertain since Johnson Brothers reserved the right to reassign him prior to the completion of the carpentry work *88 if he was needed elsewhere. However, there was no possibility that the petitioner would be reassigned to the Winona area because the Winona sewage treatment facility was completed within a few months after his transfer to Blue Lake, and because Johnson Brothers had no other projects or outstanding bids for work in the Winona area. Sometime after 1973 and prior to the completion of the carpentry work at Council Bluffs, the petitioner was transferred to another construction site. He continued to work for Johnson Brothers until he terminated the employment relationship on December 18, 1975, and returned to Winona. By October 1976, the petitioner had commenced work as a carpenter in Winona. In his Federal income tax returns, the petitioner deducted $3,644 for 1972 and $4,160 for 1973 as traveling expenses under section 162(a)(2). In his notice of deficiency, the Commissioner disallowed the deductions on the ground that the petitioner did not demonstrate that the expenses were incurred while away from home and that the amounts thereof were not verified. OPINION At the trial of this case and in their briefs, the parties dealt only with the issue of whether the petitioner's expenses *89 for food and lodging at Shakopee, Minn., and Council Bluffs, Iowa, were traveling expenses incurred while away from home. In view of our conclusion on that issue, we do not reach the question of whether the petitioner has properly substantiated such expenses in accordance with section 274 and the regulations thereunder. As a general rule, section 262 [3] prohibits a taxpayer from deducting personal living expenses. However, section 162(a)(2)[4] *91 operates as an exception to the general rule by allowing a deduction for traveling expenses, including expenses for meals and lodging, if (1) the expenses are reasonable and necessary, (2) they are incurred while away from home, and (3) they are incurred in the pursuit of business. Commissioner v. Flowers,326 U.S. 465, 470 (1946). The purpose of the deduction under section 162(a)(2) is "to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." Kroll v. Commissioner,49 T.C. 557, 562 (1968); James v. United States,176 F. Supp. 270, 272 (D. Nev. 1959), affd. 308 F. 2d 204 (9th Cir. 1962). Yet, it is well settled *90 that where the taxpayer has an established home within the vicinity of his principal employment, the deduction is allowable only when he travels away from that home for a temporary period. Commissioner v. Peurifoy,254 F. 2d 483, 486 (4th Cir. 1957), revg. 27 T.C. 149 (1956), affd. per curiam 358 U.S. 59 (1958); Tucker v. Commissioner,55 T.C. 783, 786 (1971). If the taxpayer travels for a period expected to be longer than temporary or expected to be indefinite, his expenses are not deductible; in that event, the law considers that he should move his home to the new place of employment and that his traveling from his former home is not required by his business but by his personal choice to continue to live there. Commissioner v. Flowers,supra.
Temporary employment is defined as the kind of employment which can be expected to last only for a short period of time. Albert v. Commissioner,13 T.C. 129, 131 (1949). In addition to the expected length of the employment, other circumstances should usually be considered in deciding whether the petitioner should be expected to move his home from Winona for tax purposes. Norwood v. Commissioner,66 T.C. 467 (1976); Garlock v. Commissioner,34 T.C. 611, 615-616 (1960); Albert v. Commissioner,supra.
Thus, the deductibility of traveling expenses and duplicate living expenses depends upon the ultimate question of whether the taxpayer, under all the circumstances, could reasonably have been expected to move his residence to the vicinity of his employment. [Tucker v. Commissioner,55 T.C. at 786.] Here it is undisputed that the petitioner's principal place of employment prior to 1972 was Winona, Minn. The petitioner contends that, during 1972 and 1973, Winona remained his principal place of employment since he maintained the requisite business *92 ties there while he was temporarily employed at Shakopee, Minn., and Council Bluffs, Iowa. The petitioner has the burden of proving he is entitled to a deduction ( Interstate Transit Lines v. Commissioner,319 U.S. 590, 593 (1943)), and he has failed to meet that burden. First, when the petitioner accepted the employment with Johnson Brothers, there was no indication that he expected such employment to last for only a temporary period. Except for his efforts during the strike, there is no evidence that he sought other employment in Winona during 1972 or 1973. Though he visited there frequently, he made no efforts to leave Johnson Brothers and to find employment in the Winona vicinity. Second, after his transfer to Shakopee, the petitioner could not have anticipated working in Winona during the tenure of his employment with Johnson Brothers. Although the Johnson Brothers project in Winona may have continued for a short time after the petitioner's transfer to Shakopee, it is doubtful that they had any need for the petitioner in Winona after his transfer. It is clear that shortly after his transfer, Johnson Brothers had no projects in Winona during 1972 or 1973 and that this situation *93 continued until the petitioner terminated his employment with them in December 1975 and returned to Winona. Thus, after the petitioner left Winona in December 1971, he did not return there to work for more than 4 years, except during the strike, and there has been no showing that he had any reason to expect to return any sooner. Third, it was not inordinately burdensome for the petitioner to move his residence to the places of his employment in Shakopee and Council Bluffs. During the years in issue, he was divorced, and his two children lived with his former wife. As a result, the petitioner did not have to consider the potentially disruptive effect on the family of moving them to the other cities; he merely had to determine where it would be reasonable for him to live. Although the divorce may have caused him to incur some duplicate family living expenses, his working in Shakopee and Council Bluffs did not. The petitioner points to the retention of a so-called significant employment factor in Winona to justify his residence there. In his view, membership in the local carpenters' union, doing his banking in Winona, returning to Winona and working there one day for Johnson Brothers *94 during the strike, and building a house there intermittently on weekends--all demonstrate the reasonableness of maintaining his residence in Winona and deducting his living expenses while away from there. In our judgment, such circumstances are not sufficient to justify treating Winona as the petitioner's home for tax purposes. Despite the role of the union in helping him find employment, it is settled that the union headquarters does not establish a taxpayer's principal place of employment. Dean v. Commissioner,54 T.C. 663, 667-668 (1970). Moreover, the decisions to continue banking in Winona and to live in Winona during the strike when he was only employed there for one day reflect purely personal considerations unrelated to the exigencies of the petitioner's trade or business. We reach a similar conclusion concerning the petitioner's periodic weekend house-building activities. At the maximum, he had 2 days a week to work on the house while employed at Shakopee, and probably less while at Council Bluffs. Furthermore, the petitioner indicated that he did not work on the house every weekend, and even when he did, he still spent a good deal of time with his children. Under these *95 circumstances, the petitioner's weekend activities cannot justify his residence there. Finally, the petitioner relies upon McGimsey v. Commissioner,T.C. Memo. 1971-124, as authority for the deduction. However, in that case, the taxpayer had a family residence to maintain, he needed a monthly union permit to work away from his residence, he held 5 different jobs lasting between 2 weeks and 15 months during the years in issue, and he incurred duplicate living expenses. Based on those additional facts, the Court in McGimsey determined the factual question in the taxpayer's favor. Under our facts, we reach the opposite conclusion.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. The petitioner deducted $3,644 on his 1972 Federal income tax return, which was the amount disallowed by the Commissioner. However, the petitioner's expenses at $14 per day for 260 days equals $3,640.↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
4. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *