JACK A. ANDREWS AND RUBY E. ANDREWS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Andrews v. Commissioner
Docket No. 7164-76.
United States Tax Court
T.C. Memo 1978-135; 1978 Tax Ct. Memo LEXIS 378; 37 T.C.M. (CCH) 579; T.C.M. (RIA) 780135; April 10, 1978, Filed Jack A. Andrews, pro se. G. Phil Harney, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 182, Tax Court Rules of Practice and Procedure, this case was heard by Special Trial Judge *379 Murray H. Falk. His report was filed on December 22, 1977, and no exceptions thereto have been filed by either party. The Court agrees with and adopts the report of the special trial judge as set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $344.43 in petitioners' Federal income tax for 1974. Concessions having been made by each of the parties, the sole issue remaining for decision is whether petitioners are entitled to a deduction under section 162(a)(2) for traveling expenses, including amounts expended for meals and lodging, incurred by petitioner Jack A. Andrews. FINDINGS OF FACT Petitioners are husband and wife. They filed their joint 1974 Federal income tax return with the Internal Revenue Service Center at Austin, Texas. At the time the petition herein was filed, they resided in Nobel, Oklahoma. Petitioner Jack A. Andrews is a ship's engineer by trade. He is a member of the Marine Engineers Benevolent Association (hereinafter referred to as MEBA or the union), District Number *380 1. He has been employed in maritime work since the end of 1941, except for a period from 1951 to 1958 when he worded for Dow Chemical Company in Freeport, Texas, as a boilermaker.He and his wife, petitioner Ruby E. Andrews, have resided in Noble, Oklahoma, since 1968. Mrs. Andrews is a dietician for various sororities at the University of Oklahoma, located a few miles from Noble. Mr. Andrews obtains maritime employment only through the union. From 1960 until sometime in 1973, he worked primarily in New Orleans, Louisiana; Houston, Texas; various ports in California; and Wilmington, Delaware. He sailed from those ports as a first engineer on shipping vessels for much of his maritime career. After the war in Viet Nam, he ceased to serve as a first engineer. The shipping industry was slow and he no longer cared to assume the responsibility associated with that job. Since then, all of his work has been located at or originated in Houston, Texas. During 1974, petitioner was employed on about 15 occasions as a night relief engineer on ships docked in Houston. The jobs were temporary, each lasting one or two nights.Petitioner was paid by the owners of the vessels and, although *381 the companies' home offices were located in cities other than Houston, he obtained all the jobs through the union in Houston. In 1974, petitioner was also employed as a relief engineer on one coastal and foreign trip that lasted between 90 and 100 days, sailing from Houston. In order to obtain a job assignment, Mr. Andrews registered at the union hall in Houston and placed his name on a rotation list. He was required to attend union meetings at least every other month to remain registered. This requirement was satisfied if he attended union meetings in cities other than Houston. The union maintained two lists; one for night engineers and the other for coastal or foreign trips. When the available jobs were posted at the union hall, members could bid for a particular assignment, with the job to be awarded on the basis of seniority. Seniority is determined by the date and time of registration on the rotation list. After completing a job, the member had to re-register and seniority was computed as of the new registration date on the rotation list. Petitioner did not work as often as he liked because of the mechanics of the union's job apportionment system and the unavailability *382 of permanent jobs. During 1974, he made the following trips between Noble and Houston: January 30
left Noble for Houston
March 2
left Houston for Noble
March 11
left Noble for Houston
March 15
received a ship for a coastal
trip from Houston to New Orleans
March 31
sailed from Houston on a coastal
and foreign trip (90 to 100 days)
August 22
left Noble for Houston
September 23
left Houston for Noble
December 3
left Noble for Houston (MEBA meeting) Whenever petitioner traveled to Houston, he knew he would be employed as a night engineer within a day or two after he arrived there. If he had lived in Houston, petitioner probably could have worked as a night engineer more often than he did in 1974. Petitioners owned and managed one home in Noble and one in Norman, Oklahoma, both of which they held as rental properties. Mr. Andrews performed all of the maintenance work on the houses, including the plumbing, electrical, painting, and cabinet and other carpentry work. He usually collected the monthly rents. If he was working in Houston when the rents became due, Mrs. Andrews made the collections. Petitioners realized losses on both homes in 1974. *383 On their 1974 joint federal income tax return, petitioners deducted $1,264.43 as business traveling expenses under section 162(a)(2), which amount represented the costs incurred by Mr. Andrews for transportation, meals, and lodging in traveling from Noble to Houston and back again.Respondent disallowed the claimed deduction on the ground that the expenses represented nondeductible commuting and, hence, nondeductible personal and living costs within the purview of section 262. OPINION We are once again faced with the much litigated problem of when a taxpayer may deduct traveling expenses (including meals and lodging) while away from home. Section 162(a)(2) provides, in relevant part: There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * *
(2) traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business * * *. Section 262 precludes a deduction for personal, living, or family expenses not otherwise expressly allowed. It is well settled that a taxpayer's costs of commuting *384 to his place of work are nondeductible personal expenses. Commissioner v. Flowers,326 U.S. 465 (1946); Sullivan v. Commissioner,1 B.T.A. 93 (1924). Petitioners contend that Mr. Andrews' home for tax purposes is Noble, Oklahoma. Inasmuch as his jobs as a relief engineer lasted only one or two nights each, they argue that the jobs were temporary and, consequently, that the costs incurred in traveling to and remaining in Houston were deductible under section 162(a)(2) as "away from home" business expenses.Respondent contends that Mr. Andrews' home for tax purposes is Houston, and that the expenses he incurred represent nondeductible commuting and living expenses. Respondent does not challenge the amounts claimed to be expended, only their deductibility. The Supreme Court, in Commissioner v. Flowers,supra at 470, prescribed three conditions which must be satisfied before a traveling expense deduction will be allowed under section 162(a)(2): The expense must be (1) reasonable and necessary, (2) incurred while "away from home," and (3) incurred in the pursuit of business. To be incurred in the pursuit of business, the traveling *385 expenses must bear a direct relationship to the prosecution of the trade or business of the taxpayer or his employer, and cannot result from the taxpayer's personal propensities. Commissioner v. Flowers,supra;United States v. Tauferner,407 F.2d 243 (10th Cir. 1969), cert. denied 396 U.S. 824 (1969); Foote v. Commissioner,67 T.C. 1 (1976); Tucker v. Commissioner,55 T.C. 783 (1971). Petitioner has the burden of proving that the expenses satisfy all three requirements. United States v. Woodall,255 F.2d 370 (10th Cir. 1958), cert. denied 358 U.S. 824 (1958); see Rule 142(a), Tax Court Rules of Practice and Procedure.
The situation presented here is analogous to that considered by the Supreme Court in Flowers. In that case, the taxpayer's principal place of employment was Mobile, Alabama, but he continued to live and maintain a law office in Jackson, Mississippi. He traveled to Mobile whenever his work required him to be there.The Supreme Court found that such travel was not required by the exigencies of his employment, but resulted from the taxpayer's personal *386 choice to live in Jackson. Here, Mr. Andrews' principal place of business was Houston. All of his work was located at or originated in Houston. He spent a substantial amount of his time in Houston and derived the majority of his income from jobs he performed or which originated there. See Wills v. Commissioner,48 T.C. 308 (1967), affd. 411 F.2d 537 (9th Cir. 1969); Markey v. Commissioner,490 F.2d 1249 (6th Cir. 1974); Tucker v. Commissioner,supra.Mr. Andrews' travel, similar to that of the taxpayer in Flowers, was not undertaken due to the exigencies of his trade or business. He chose to reside in Noble for essentially personal reasons, and the expenses he incurred lacked the requisite relation to the plying of his trade.Even the costs he expended for his trip to Houston on December 3 to attend a MEBA meeting were incurred primarily because of personal preferences; i.e., his choice to reside in Noble. See Fausner v. Commissioner,55 T.C. 620, 628 (1971). Had his principal place of employment been in Noble, where he resided, the costs of maintaining his home and the expenses of commuting *387 to work and to union meetings would clearly be nondeductible living and personal expenses. The distance he traveled, no matter how far, still represents nondeductible commuting expenses under section 262. Commissioner v. Flowers,supra at 473. The fact that petitioners owned, managed, and maintained rental properties in Noble and Norman does not dictate a different result. In Mazzotta v. Commissioner,57 T.C. 427 (1971), affd. 465 F. 2d 1399 (2d Cir. 1972) (per curiam), we held that a taxpayer was not entitled to deduct the expenses which he incurred in traveling from his principal place of employment to his residence, which was also his minor place of employment, because the primary purpose for those trips was personal; i.e., to be home (in the popular sense of the term). Mazzotta clearly controls the situation here. Petitioners realized no net income from their rental properties in 1974. The primary motivation for Mr. Andrews' trips from his principal place of employment (Houston) to his residence (near which he maintained the rental properties) was personal. The relationship between Mr. Andrews' travel and petitioners' *388 rental properties is too insubstantial to entitle them to a deduction for the costs of that travel. To hold otherwise would permit petitioners to convert nondeductible commuting--personal, living, and family expenses--into deductible business expenses merely because petitioners happened to own rental properties near their residence. See Hubbart v. Commissioner,4 T.C. 121, 124 (1944). Petitioners argue that since each relief engineering job lasted only one or two nights, the jobs were temporary and the expenses are, therefore, deductible.They cite many cases supporting this theory. Where a taxpayer has an established home within the vicinity of his principal place of employment, a deduction is allowed for the expenses of temporary travel away from that place. If a taxpayer travels away from that place for an indefinite or indeterminate period of time, the expenses are not deductible. Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), revg. 27 T.C. 149 (1956), affd. 358 U.S. 59 (1958) (per curiam); Kroll v. Commissioner,49 T.C. 557 (1968).Petitioners' reliance on the temporary-indefinite test, *389 however, is misplaced. Petitioners assume that Mr. Andrews' residence is his tax home, but that belief is not dispositive of this issue. Foote v. Commissioner,supra;Markey v. Commissioner,supra.He established no home within the vicinity of his principal place of employment, and Peurifoy, therefore, does not apply. [2] Furthermore, the fact that Mrs. Andrews was principally employed in Noble is also not controlling. A husband and wife, residing together, can, and often do, have different homes for tax purposes. Foote v. Commissioner,supra at 4. * * *
In view of the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. This situation is distinguishable from Dean v. Commissioner,54 T.C. 663↩ (1970), because there the taxpayer had no principal place of employment. Petitioner here chose for personal reasons to reside in Noble rather than Houston, his principal place of employment and the sea port from which he sailed in 1974.