KERMIT M. OTNESS AND ANGELA J. OTNESS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
OTNESS v. COMMISSIONER
Docket No. 3296-75.
United States Tax Court
T.C. Memo 1978-481; 1978 Tax Ct. Memo LEXIS 38; 37 T.C.M. (CCH) 1849-44; November 29, 1978, Filed *38 Petitioner was employed through his union by M-K on a construction project during which period he maintained two homes. Held, petitioner's position with M-K was temporary and expenses incurred at the construction project are deductible as away-from-home expenses. Paul A. Kief, for the petitioners. James C. Lanning, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $771.91 in petitioners' income tax for the taxable year 1971. Due to a concession by respondent, the only issue remaining for our consideration is whether petitioners are entitled to deduct amounts expended by Kermit *39 Otness for meals and lodging as traveling expenses incurred in his trade or business while away from home. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibit attached thereto, are incorporated herein by this reference. Petitioners, Kermit M. Otness and Angela J. Otness, husband and wife, filed a joint income tax return for the taxable year 1971. Although it is not stated in the record where the return was filed, petitioners' legal residence during 1971 was Bemidji, Minnesota. At the time they filed their petition herein, petitioners still resided in Bemidji, Minnesota. Because Angela J. Otness is a petitioner herein solely by reason of her filing a joint return, hereafter references to petitioner are to Kermit Otness. Since September 1968, petitioner has belonged to the Minneapolis-St. Paul local of the operating engineers union. The local also had offices at Bagley, Minnesota and Grand Forks, North Dakota. Petitioner obtained work through his union hall from which he was dispatched to jobs. Operating engineers' work typically is seasonal, usually lasting from May through November, and petitioner often had *40 several employers during a single season. Petitioner was dispatched by his union hall at Grand Forks in April 1970, and started employment as an oilergreaser on April 25, 1970 with the Morrison-Knudsen Construction Company (hereafter M-K) on a missile construction project in Concrete, North Dakota. The project was scheduled to be completed in June 1973. Petitioner worked on an hourly basis under the supervision of M-K's permanent employees, had no guarantee as to the duration of his job, and was subject to discharge by M-K at any time. M-K hired all its union help from local union halls. Petitioner had no employment contract with M-K other than that obtained through the local unions. M-K provided no housing for union employees on the project and petitioner lived in a small trailer house not large enough to accommodate his family while in Concrete. His family continued to reside in Bemidji throughout his employment with M-K. During the summer and fall of 1970, petitioner worked as an oiler-greaser servicing equipment in the field. During the summer and fall of 1970, there were four other employees holding identical positions. At the end of the fall season, when outside *41 work was discontinued, three of these employees were laid off. Petitioner, however, was retained by M-K in November to do indoor repair and maintenance work as an oiler-greaser during the winter of 1970-1971. From April 1971 through November 1971, petitioner once again performed equipment service work but by the end of fall 1971, petitioner was performing repair and maintenance work similar to that which he had done during the previous winter. In spring 1972, petitioner again returned to field work at which he remained until his job was terminated due to a union dispute on August 28, 1972. At this time, petitioner returned to his family in Minnesota. Three days later, however, petitioner was rehired and worked for M-K until December 1, 1972, when he was laid off due to a reduction in M-K's work force. OPINION Under section 162(a)(2) [1] a taxpayer may deduct expenses of meals and lodging incurred in one's trade or business while away from home. The dispute in this case centers on whether petitioner was away from home while assigned to the missile construction site in Concrete. In order to answer this question, we must determine where petitioner's tax home was during 1971: *42 if his tax home was Bemidji, expenses incurred in Concrete would qualify as away-from-home expenses; on the other hand, if petitioner's tax home was Concrete, expenses incurred would not qualify under section 162(a)(2). This Court has consistently held that a taxpayer's "home" for purposes of section 162(a)(2) is his principal place of business regardless of where his family resides. Coombs v. Commissioner,67 T.C. 426, 478 (1976), on appeal to the Ninth Circuit Feb. 14, 1977; Michaels v. Commissioner,53 T.C. 269 (1969). However, where a taxpayer's employment is only temporary rather than indefinite a deduction will be allowed. [2]Bochner v. Commissioner,67 T.C. 824, 827 (1977); Montgomery v. Commissioner,64 T.C. 175 (1975), affd. 532 F.2d 1088 (6th Cir. 1976); Dean v. Commissioner,54 T.C. 663 (1970). In addition, if the employment while away from home, even if temporary at its inception, later becomes indefinite or indeterminate in duration, the situs of such *43 employment becomes the taxpayer's tax home. Norwood v. Commissioner,66 T.C. 467 (1976); Kroll v. Commissioner,49 T.C. 557, 562 (1968); Verner v. Commissioner,39 T.C. 749 (1963); Garlock v. Commissioner,34 T.C. 611, 615 (1960). The Eighth Circuit, to which appeal in this case would lie, has adopted a similar position: Where it appears probable that a taxpayer's employment outside the area of his regular abode will be for a 'temporary' or 'short' period of time, then his travel expenses are held to be deductible; conversely, if the prospects are that his work will continue for an 'indefinite' or 'intermediate' or 'substantially long' period, then the deduction is disallowed. Cockrell v. Commissioner,321 F.2d 504, 507 (8th Cir. 1963). See also Jenkins v. Commissioner,418 F. 2d 1292 (8th Cir. 1969), *44 affg. T.C. Memo. 1969-257; Ney v. Commissioner,171 F.2d 449 (8th Cir. 1948), cert. denied 336 U.S. 967 (1949). We agree with petitioner that the evidence shows that construction workers doing work similar to petitioner often accept seasonal employment on a single project basis which lasts no longer than the project. Because petitioner was not regularly or continuously employed by any single concern, apparently usually worked in the Bemidji area, was a member of the local union for his trade, and maintained his family residence in Bemidji, respondent appears to concede that Bemidji was petitioner's tax home prior to obtaining the job with M-K and that if petitioner expected to remain on the project less than one year, the expenses would be deductible. [3] Similarly, petitioner recognizes the issue here is whether, in accepting employment on this particular project, he could have expected to have been only temporarily employed, i.e., not for a substantial or indefinite period. *45 Petitioner agrees with respondent that if he had expected to be employed the entire 31 months (April 25, 1970 through December 1, 1972) that he worked for M-K at the time he was first employed, the work would have been for a sufficiently long period to deny him a deduction. It is his position, however, that when he was first hired in April 1970, he did not know he would be employed for a whole season and definitely expected to be laid off in the fall when inclement weather would force construction to halt; that he did not expect to be retained to do service and maintenance work during the winter; and that the same was true of the summer and fall of 1971 and 1972. Petitioner maintains that under these conditions it would be unreasonable to expect him to move his family and he is thereby entitled to deduct away-from-home expenses. Tucker v. Commissioner,55 T.C. 783 (1971). Respondent contends that petitioner's job at its inception was for an indefinite or substantially long period of time. In the alternative, respondent contends that at some point on or prior to December 31, 1970, petitioner's job became indefinite, thus losing its temporary status. We believe *46 that throughout 1970 and 1971, it was likely that petitioner's employment, from any given time, would last only a short time. [4] The actual work performed by petitioner during the winter was different than it was during the summer and fall. Three of the five oiler-greasers who were working on the project during the summer and fall of 1970 were laid off during the winter when outside work was discontinued. Petitioner had no reason to expect that he would be one of the two oiler-greasers that would be retained by M-K during the winter months until he was asked to work in November. In addition, his work was typically seasonal, usually lasting only from May through November. [5]
*47 On these facts, although a close case, we hold that petitioner was away-from-home while working in Concrete and, therefore, entitled to deduct his meals and lodging expenses incurred there. [6]
Decision will be entered for the petitioners. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect for the taxable year in issue.↩
2. Employment which merely lacks permanence is indefinite rather than temporary unless termination is foreseeable within a short period of time. Boone v. United States,482 F.2d 417 (5th Cir. 1973); Albert v. Commissioner,13 T.C. 129↩ (1949).
3. Petitioner relies on a letter ruling, denoted as Letter-Ruling 5-4-56, which provides identical conditions to Rev. Rul. 60-189, 1960-1 C.B. 60. Although petitioner cannot, of course, rely on a private ruling issued to another taxpayer even where that taxpayer is similarly situated, McLane v. Commissioner,46 T.C. 140 (1966), affd. 377 F.2d 557 (9th Cir. 1967), cert. denied 389 U.S. 1038, (1968), a careful reading of the revenue ruling shows that petitioner cannot fall within its confines unless he can show that the anticipated and actual duration of employment was for less than one year. The precise issue in this case is whether petitioner can show he anticipated working only a short period of time. It is apparently conceded that the other facts necessary to bring petitioner within its scope are all met: the tax-payer is not regularly or continuously employed by any single concern; is a member of the local union for his trade in a particular city and maintains his regular place of abode there; usually works in and around that city but at times takes employment elsewhere; and the location and duration of his employments elsewhere require him to obtain lodging near such projects. Moreover, we believe respondent would not contest a situation in which a taxpayer took a job for an expected seven-month period and then at the end of that period was hired for an additional seven or eight months such that the second position could be considered a new job if all other conditions of the ruling were met. Cf. Barkley v. Commissioner, T.C. Memo. 1976-159; LaRocca v. Commissioner, T.C. Memo. 1973-185; Brown v. Commissioner, T.C. Memo. 1971-7↩.
4. When petitioner was told in November 1970 that he would be retained through the winter, we believe he should reasonably have expected to be retained during the summer and fall of 1971, since additional oiler-greasers would be hired. But he could not reasonably expect to be rehired the following winter; therefore, at no time through 1971 could he expect to be on the job for longer than an additional year. We agree with respondent that the actual duration of petitioner's employment indicates its indefiniteness and is a factor weighing against petitioner. Boone v. United States,482 F.2d 417 (5th Cir. 1973); McCallister v. Commissioner,70 T.C. 505, 510 (1978); Garlock v. Commissioner,supra.Since the test is whether petitioner could anticipate the length of his employment, however, this is only a fact to be considered and is not dispositive. See Frederick v. United States,↩ an unreported case (D.C.N.D. 1978, 78-2 U.S.T.C. par 9774).
5. Petitioner also relies on the fact that he had no guarantee as to the duration of his job and was subject to discharge at any time. We do not believe these facts are dispositive. McCallister v. Commissioner,70 T.C. 505, 510 (1978). Although petitioner's employment may have lacked real permanence, this does not necessarily imply that degree of temporariness which would prevent his principal place of employment from becoming Concrete. Garlock v. Commissioner,supra↩.
6. Cf. Frederick v. United States, an unreported case (D.C.N.D. 1978, 78-2 U.S.T.C. par 9774); Holter v. Commissioner,T.C. Memo. 1978-411↩.