FRED F. WALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wall v. Commissioner
Docket No. 233-76.
United States Tax Court
T.C. Memo 1979-212; 1979 Tax Ct. Memo LEXIS 309; 38 T.C.M. (CCH) 865; T.C.M. (RIA) 79212; May 29, 1979, Filed *309 Petitioner worked in the New York, New Jersey and Pennsylvania area for 12 years, through 1972. He maintained a residence in Lynbrook, New York and one in Auburndale, Florida. He had a Florida driver's license was registered to vote in Florida and had his car registered there. Held, petitioner's tax home for 1972 was Lynbrook, New York. Heldfurther, the deductibility of other items determined. Fred F. Wall, pro se. Willie Fortenberry, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1972 in the amount of $1,335.80.Three issues are presented for our decision: (1) whether petitioner substantiated his deduction of $249 for casualty losses; (2) whether petitioner is entitled to deduct $355 of claimed interest expense; and, (3) whether petitioner is entitled to deduct employee business expenses (travel away from home expenses) in the amount of $6,000. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, along with attached exhibits, are incorporated herein by this reference. Petitioner claimed Auburndale, Florida as his residence on his petition filed herein. He filed his Federal income tax return for the taxable year 1972 with the Internal Revenue Service Center at Chamblee, Georgia.
During *311 the year in issue, petitioner was employed as a lather and his function was primarily that of a trouble-shooter for several contractors in New York, New Jersey and Pennsylvania. He received his employment assignments through a local union located in New York and maintained a residence in Lynbrook, New York. Petitioner has earned virtually all of his income since 1960 by performing services in this three state area. During 1972 he earned no income in Florida, however, he claimed his parent's residence in Auburndale, Florida as his home. On his 1972 return, petitioner deducted employee business expenses of $6,000, claiming that he was away from his home in Auburndale, Florida while working at the various construction sites at which he was employed during the year. He arrived at this $6,000 figure by multiplying the working days he was away from home (250) by a daily rate of $24. Of the $6,000 which petitioner deducted, $531.08 is reflected in 29 receipts indicating petitioner's overnight stays in Moorestown, New Jersey, while working on jobs in the Philadelphia -- Camden area. Moorestown is approximately 90 miles from Lynbrook, New York. In 1972, petitioner filed New York *312 State and New York City non-resident tax forms. He had his car registered in Florida and had a Florida driver's license for the year 1972. He was also registered to vote in Florida. Petitioner made two trips to Florida during that year. On his 1972 return, petitioner claimed a casualty loss in the amount of $849 resulting from Eastern Airlines having lost two pieces of baggage during a flight he made from Florida to New York. The airline reimbursed petitioner $500 for the loss after he submitted a claim detailing the original cost of the items lost. Petitioner deducted the remainder of the $849 claimed, less the $100 statutory limitation of section 165(c)(3), [1] as a casualty loss for the year 1972. Respondent disallowed this $249 deduction maintaining that petitioner had not substantiated it. On his 1972 tax return, petitioner claimed interest expense in the total amount of $840 composed of the following: Installment Purchases $450
Auto Finance
318
Finance Company -- Provident
72
Of this amount, respondent allowed petitioner *313 the amount claimed for Finance Company -- Provident of $72 and Auto Finance of $318. Additionally, respondent allowed petitioner $95 of the interest claimed on installment purchases based on Master Charge receipts which showed interest of $78.95. Respondent disallowed the remaining $355 of the amount claimed for installment purchases. OPINION We must now decide whether each of these expenditures for which petitioner claimed a deduction and which respondent disallowed, are properly deductible. The first question is that of away from home expenses. Petitioner claims that his tax home was Auburndale, Florida during 1972 and that his living expenses incurred while in the New York area are, therefore, deductible as "away from home" expenses under section 162(a)(2). Respondent asserts that petitioner did not establish his tax home was Florida for the year 1972 and thus that those expenditures incurred while in the New York area were not incurred while "away from home." Additionally, respondent asserts that petitioner did not meet the substantiation requirements of section 274 and the regulations thereunder. Since 1960, petitioner has earned virtually all of his income by *314 performing services in the three state area of New York, New Jersey and Pennsylvania. While the record does not indicate why petitioner did not work in Florida as opposed to New York, he had been working for 11 years in the New York area at the start of the 1972 tax year. It seems clear that petitioner's activities in the New York area had taken on a sufficient quality of permanence by 1972 for that to be considered his tax home for that year. Montgomery v. Commissioner,64 T.C. 175 (1975), affd. 532 F.2d 1088 (6th Cir. 1976). As we stated in Montgomery at 179: * * * a taxpayer should be expected to make his home in the vicinity of his permanent business or employment and that only the expenses of traveling from a home so situated are deductible as a business expense under section 162(a)(2). If for personal reasons he fails to move his home to the vicinity of his permanent business or employment, his expenses of traveling from the home are incurred for personal, not business, reasons and are not deductible * * *. Using this criterion, we sustain respondent's position that in 1972 petitioner's tax home was Lynbrook, New York. [2]
*315 However, this does not complete our inquiry because the record indicates that petitioner at times worked outside of the Lynbrook area. As to those periods that petitioner was required to reside away from his Lynbrook, New York tax home, he would be entitled to an "away from home" deduction. The record contains 29 receipts showing that petitioner stayed overnight in Moorestown, New Jersey, while working in the Camden -- Philadelphia area. It is approximately 90 miles between Lynbrook, New York and Moorestown. While respondent maintains those expenses were commuting expenses from Lynbrook, we believe the cost of maintaining a room in Moorestown constituted an ordinary and necessary business expense. Compare Dean v. Commissioner,54 T.C. 663 (1970), which allowed the taxpayer a deduction for lodging at a temporary place of employment approximately 80 miles from his "tax home." As such, these costs are properly deductible and petitioner is therefore entitled to a deduction in the amount of $531.08. Petitioner claimed a $249 casualty loss for the baggage lost by Eastern. While we do not doubt that petitioner suffered a loss, having been reimbursed by Eastern *316 in the amount of $500, the record lacks any evidence from which we can determine if the amount of the loss exceeded $500. The only evidence in the record having any bearing on the amount of the loss is the claim form which petitioner submitted to Eastern. However, that claim form indicates only the original cost of the items lost, not their fair market value at the time they were lost. Section 1.165-7(b), Income Tax Regs. Because of this, the record provides no basis from which we can even estimate the amount of petitioner's loss, and certainly any loss which he may have suffered in excess of $500. Thus, petitioner's $249 casualty loss deduction must be disallowed. The last item which respondent disallowed was $355 of the claimed interest expense, specifically a portion of the amount which petitioner claimed as interest on his installment purchases. Petitioner offered no evidence at trial to substantiate this amount. In view of this fact, we have no choice but to uphold respondent's determination disallowing $355 of petitioner's claimed interest expense. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩
2. The record tends to indicate that petitioner may have carried his tax home on his back from work site to work site. See e.g., James v. United States,308 F.2d 204, 207↩ (9th Cir. 1962). However, because respondent argues that Lynbrook was his tax home in 1972, we find accordingly.