T.C. Memo. 1996-145

UNITED STATES TAX COURT

JOHN ROBERT MAGUIRE, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 14654-93.                    Filed March 21, 1996.

Robert T. Maguire, for petitioner.

John Aletta, for respondent.

MEMORANDUM OPINION

CLAPP, Judge:  Respondent determined a deficiency of $10,669
in petitioner's 1990 Federal income tax and a penalty of $2,134
pursuant to section 6662(a).

After concessions by the parties, the issues for decision
are:

(1) Whether petitioner's expenditures related to residential real property were paid or incurred in carrying on a trade or business pursuant to section 162 or for the production of income pursuant to section 212. We hold that most of these expenditures are not deductible under either section.

(2) Whether petitioner is liable for a penalty pursuant to section 6662(a) for negligence or disregard of rules or regulations. We hold that petitioner is liable for the penalty.

All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

We have combined our findings of fact and opinion. Some of the facts are stipulated and are so found. We incorporate by reference the stipulation of facts and attached exhibits.

Petitioner resided in Wallingford, Connecticut, at the time he filed the petition in this case. Petitioner was a cash basis taxpayer for the taxable year 1990. He was employed full time as a policeman in Wallingford, Connecticut.

In 1989, petitioner purchased a single-family home on Cape Cod at Harwichport, Massachusetts, for $114,000. This was petitioner's first real estate purchase. Petitioner never occupied the home as a personal residence, and he never intended to do so. Petitioner originally intended to profit by selling the property as opposed to renting it. When petitioner purchased

the property, portions of the kitchen and bathroom floors were rotted due to water damage. Rainwater had leaked into the kitchen and caused the plywood flooring to rot. Some of the kitchen and bathroom faucets in the home worked while others did not. The house was badly run down and uninhabitable. It needed considerable work to put it in condition for sale.

Petitioner removed the rotted plywood floor base below the tile and replaced it with new plywood. Petitioner removed the kitchen counter top and cabinets and installed a new counter top and new kitchen cabinets. Petitioner installed new tile in the kitchen and the bathroom. Petitioner hired a contractor to rewire portions of the property. Petitioner purchased new appliances in Connecticut and used a rented Ryder truck to deliver the appliances to the Harwichport property. Petitioner installed the appliances and sealed vent outlets that were no longer needed. Petitioner hired a contractor to adjust the septic line from the home to the septic tank to comply with State environmental regulations. Petitioner installed new gutters, storm doors, and a toilet. Petitioner hired an electrician to install a new electrical distribution box with circuit breakers which replaced the home's fuse box.

Petitioner performed most of the work himself and sometimes would spend several consecutive days working on the Harwichport property. On these occasions, he stayed at the Harwichport property instead of renting a room at a motel. Petitioner spent

in excess of 59 days working on the Harwichport property, excluding travel time between the Harwichport property and petitioner's residence in Wallingford, Connecticut.

In the Boston Globe on October 28, 1990, petitioner advertised the Harwichport property for sale, "completely furnished", for $154,500. In November 1990, petitioner placed similar advertisements in the Cape Codder, and the Providence Journal. There were no advertisements in 1990 offering the property for rent.

Petitioner's employment as a police officer included the use of an unmarked police car. The only restriction on petitioner's use of the police car was that he could not take that vehicle outside the State of Connecticut. Petitioner owned a Lincoln Continental (Lincoln) which he left parked at his father's house located in Warren, Connecticut. When petitioner needed to travel to the Harwichport property, he would park his police car at his father's house. Petitioner would then drive the Lincoln to the Harwichport property. On the Form 4562 attached to petitioner's 1990 Form 1040, petitioner indicated a business use percentage of 90 percent for the Lincoln. Petitioner did not respond to the questions "Do you have evidence to support the business use claimed?" and "If 'Yes,' is the evidence written?" that appear on lines 22a and 22b, respectively, of Form 4562.

Petitioner is a licensed real estate agent in the State of Connecticut, but that license is not valid in the State of Massachusetts.

The documents submitted at trial constitute all of the Harwichport property expense records for 1990. During the taxable year 1990, petitioner incurred and paid mortgage interest expense of $9,513.23 and real estate taxes of $1,248.39.

In the notice of deficiency, respondent determined that petitioner's expenditures were not paid or incurred in carrying on a trade or business pursuant to section 162 or for the production of income pursuant to section 212. Respondent also determined that the expenditures were not ordinary and necessary. Petitioner bears the burden of proving that respondent's determination is not correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Respondent filed an amended answer and alleged that petitioner failed to substantiate the claimed expenses as required by section 274(d), and that section 469 precludes petitioner from deducting the expenses. We conclude that section 469 does not limit petitioner's deductions in 1990. Petitioner participated in the activity for more than 100 hours, and this amounted to substantially all of the participation in the activity. See sec. 1.469-5T(a)(2) and (3), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988). The parties also disagree whether the expenditures were capital in nature or currently deductible.

Petitioner argues that his activity on the Harwichport property constituted a trade or business, or, in the alternative, that the Harwichport property was held for the production of income. In order to be engaged in carrying on a trade or business pursuant to section 162, the taxpayer must be involved in the activity with continuity and regularity, and the taxpayer's primary purpose for engaging in the activity must be for income or profit. Commissioner v. Groetzinger, 480 U.S. 23 (1987); Juda v. Commissioner, 90 T.C. 1263, 1287 (1988), affd. 877 F.2d 1075 (1st Cir. 1989). The term "property held for the production of income" pursuant to section 212 includes income from the disposition of the property. Mitchell v. Commissioner, 47 T.C. 120, 128 (1966). Petitioner was not in the trade or business of reconditioning dilapidated structures for resale. This was petitioner's first real estate purchase. He worked on the Harwichport property in his spare time while employed full time as a police officer. Petitioner was not in the trade or business of renting real estate in 1990. Petitioner testified that he offered the property for rent in 1989, but we find that the property was not suitable for sale or rent until late 1990. He first tried to sell the Harwichport property on October 28, 1990, but when he could not sell it, he rented the property in April 1991. Petitioner produced no advertisements indicating the Harwichport property was available for rent in 1989 or 1990. During discovery, respondent requested the advertisements related

to the sale or rental of the Harwichport property.  Petitioner responded with cancelled checks payable to various newspapers, but he produced no advertisements.  The only advertisements produced at trial were obtained by respondent.  We find that the Harwichport property was not available for rent in 1990 and that the property was not available for sale prior to October 28, 1990.  We conclude that petitioner's activity on the Harwichport property did not constitute a trade or business in 1990.  Petitioner's level of activity and attempted disposition of the Harwichport property indicate that petitioner prepared the Harwichport property for resale during the year in issue.  We conclude that petitioner held the Harwichport property for the production of income in 1990.

In general, deductions incurred for the production of income under section 212 are subject to the same requirements and restrictions that apply to a trade or business expense deduction under section 162.  Estate of Davis v. Commissioner, 79 T.C. 503, 507 (1982); Hubbart v. Commissioner, 4 T.C. 121, 124 (1944).  In order to be deductible, the expenditures must be ordinary and necessary.  Secs. 162(a), 212.  Petitioner must prove a proximate connection between the expenditure and the conduct of a profit-seeking activity.  Larrabee v. Commissioner, 33 T.C. 838, 841 (1960).  In general, an expenditure made primarily to secure a personal benefit is not deductible, sec. 262; whereas, a similar expenditure may be deductible if made primarily for a profit-

seeking purpose. See <u>Interstate Drop Forge Co. v. Commissioner</u>, 326 F.2d 743, 747 (7th Cir. 1964), affg. T.C. Memo. 1963-149.

Respondent argues that many of the expenditures deducted by petitioner are not ordinary and necessary and are instead personal expenses not related to the Harwichport property. The taxpayer must prove that he is entitled to any claimed deductions. Rule 142(a); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1935); <u>Welch v. Helvering</u>, <u>supra</u> at 115. This includes proof of the amount and purpose of the item claimed. <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. A tax return is not proof of entitlement to a credit or deduction claimed therein; a tax return merely sets forth the taxpayer's claim. See <u>Roberts v. Commissioner</u>, 62 T.C. 834, 837 (1974); <u>Seaboard Commercial Corp. v. Commissioner</u>, 28 T.C. 1034, 1051 (1957).

As a general rule, if the record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to substantiate adequately the amount, the Court may estimate the amount of such expense and allow the deduction to that extent bearing down heavily on the taxpayer since the problem is of his own making. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made. <u>Vanicek v.</u>

Commissioner, 85 T.C. 731, 743 (1985).  Without such a basis, any allowance would be unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Respondent argues that expenditures within the following categories should be disallowed entirely, or in the alternative, that the expenditures must be capitalized.  Petitioner argues that the same expenditures are currently deductible.  The disputed categories include:  Travel expenses, utilities, cellular phone service, cable service, advertisements, clock repair, truck rental, real estate license, taxes, and miscellaneous.

Travel Expenses

A deduction for travel expenses may be allowed where the expenses are incurred while "away from home", are reasonable and necessary, and bear a proximate relation to the profit-seeking activity.  Kinney v. Commissioner, 66 T.C. 122, 126 (1976); McKinney v. Commissioner, T.C. Memo. 1981-181, affd. 732 F.2d 414 (10th Cir. 1983).  Travel expenses must also be substantiated as required by section 274(d).

Respondent disallowed an $832 deduction for meals, a $1,402 deduction for amounts paid to various oil companies, a $1,369 deduction for auto repairs, deductions of $119.50, $465, and $76 alleged to be for insurance on the Lincoln, and depreciation deductions on the Lincoln.

Petitioner testified that 90 percent of the Lincoln's use related to the Harwichport property. He produced nothing to corroborate that testimony, and he failed to explain how he arrived at that figure. Petitioner produced a chart to show the number of days he spent in Harwichport. Petitioner appears to have constructed the chart using the receipts from purchases made in Harwichport, assuming that he must have been in Harwichport when he made the purchases. However, petitioner also appears to contend that if there was no receipt, then he was not in Harwichport, and he must have returned to Wallingford and incurred travel expenses in doing so. Petitioner's contention is a non sequitur that overstates the number of round trips from Wallingford to Harwichport. It seems more likely that he was in Harwichport on a number of days when he did not purchase anything. As for meal expenses, petitioner used the number of days shown on his chart along with a ballpark figure of $11 for meals per day to calculate his meal expenses. Although it seems clear that petitioner had some expenses for meals and travel between Wallingford and Harwichport, he has failed to prove the number of trips to Harwichport, the amount spent on meals and travel, the percentage use of the Lincoln, and he failed to maintain a log or other record as required by section 274(d). Accordingly, we sustain respondent's disallowance of the travel expenses.

Utilities, Cellular Phone Service, and Cable Service

Respondent has conceded some of the utility expenses but argues that other utility expenses deducted by petitioner do not relate to the Harwichport property. We conclude that the payments to NE Tel, HarWater, Commonwealth Electric, and Hall Oil relate to petitioner's income-producing activity and are either capital expenditures or currently deductible as discussed below.

Respondent disallowed deductions for petitioner's cellular phone and related service fees and charges. Petitioner merely testified that he had the cellular phone installed in the Lincoln. Petitioner deducted the cost of cable television service at the Harwichport property, and respondent disallowed that deduction. We find that the cellular phone and cable television service were personal expenses and sustain respondent's disallowance of these items.

Advertisements, Clock Repair, and Truck Rental

Petitioner deducted $262 for newspaper advertisements, and respondent disallowed $114 of that deduction. The $114 in dispute relates to advertisements allegedly placed prior to October 28, 1990. Petitioner produced none of the alleged newspaper advertisements placed prior to October 28, 1990. Petitioner testified that he advertised nothing but the Harwichport property in newspapers during 1990, but respondent produced an advertisement wherein petitioner had offered his automobile for sale in the New York Times on October 28, 1990.

Petitioner has failed to prove that the $114 in dispute related to advertisement of the Harwichport property. We sustain respondent's disallowance of these items.

Respondent disallowed a $486 deduction for the overhaul of a clock. Petitioner offered no evidence relating this item to the Harwichport property. We sustain respondent's disallowance of this item.

Respondent disallowed a $322 deduction for the rental of a Ryder truck. Petitioner used the Ryder truck to deliver new appliances to the Harwichport property. We find that the $322 truck rental expense must be capitalized as a preopening expense as discussed below.

Real Estate License

Respondent disallowed the costs associated with the renewal of petitioner's Connecticut real estate license. We find no connection between petitioner's real estate license and his activity on the Harwichport property. We sustain respondent's disallowance of these items.

Taxes

Respondent disallowed a $126 payment to the Town of Warren for personal property tax on the value of the Lincoln; a $10 payment to the Wallingford Tax Office; and a $248 payment listed under "90' Cap. Exp." Petitioner is entitled to deduct personal property taxes associated with the Lincoln pursuant to section 164(a)(2). Petitioner offered no explanation for the $10 payment

to the Wallingford Tax Office or the $248 payment, and we sustain respondent's disallowance of these items.

Miscellaneous items

Respondent disallowed the following deductions that petitioner characterized as supplies: $12 for books; $3,649 for rugs; $883 for a television; $107 for furniture; $45 for sheets; $90 for pillows; $658 for lamps; and $101 for linens. Petitioner testified that he rented the Harwichport property furnished in 1991, but we do not consider this general testimony sufficient to conclude that the items outlined above related to the production of income from the Harwichport property in 1990. We sustain respondent's disallowance of these items in 1990.

Depreciation of Capital Improvements

Respondent disallowed depreciation deductions related to $16,064 of capital improvements allegedly made in 1989. Petitioner argues that in 1989 he added $16,064 of capital improvements to the Harwichport property, and he began depreciating those improvements in 1990. The taxpayer must establish the property's depreciable basis by showing the cost of the property, its useful life, and the previously allowable depreciation. E.g., Delsanter v. Commissioner, 28 T.C. 845, 863 (1957), affd. in part, revd. in part and remanded per curiam 267 F.2d 39 (6th Cir. 1959). Petitioner's father testified that the cost of "some" of the 1989 improvements to the property was "carried over" to 1990 and added to the depreciable basis of the

Harwichport property.  We have no way of sorting out petitioner's 1989 expenditures.  We sustain respondent's determination.

Respondent argues that all of the 1990 expenditures must be capitalized as preopening expenses.  Startup expenses must be capitalized pursuant to the preopening expense doctrine, and that doctrine is applicable to section 212 activities as well as section 162 activities.  Hardy v. Commissioner, 93 T.C. 684, 688 (1989); Sorrell v. Commissioner, 882 F.2d 484 (11th Cir. 1989), revg. T.C. Memo. 1987-351.  Petitioner produced no advertisements showing the Harwichport property for rent or sale.  Respondent produced newspaper advertisements published on or after October 28, 1990, showing the Harwichport property for sale.  We have found that the property was not available for sale prior to October 28, 1990.  We conclude that the expenses incurred prior to October 28, 1990, are preopening expenses and must be capitalized.  Accordingly, they are not deductible currently under section 212 but must be added to the basis of the property.

We next address the post-October 28, 1990, expenditures in dispute.  Capital expenditures add to the value or substantially prolong the useful life of the property.  Sec. 1.263(a)-1(b), Income Tax Regs.  Expenses for incidental repairs or maintenance are deductible currently if they neither materially add to the value of the property nor appreciably prolong the property's useful life.  Sec. 1.162-4, Income Tax Regs.  The remaining expenditures include:  Plumbing expenses in the amounts of $12.56

and $50.90 paid on November 5, 1990, and December 26, 1990, respectively; and expenses for hardware items in the amounts of $37.84 and $58.22 paid on November 5, 1990, and December 26, 1990, respectively.  Petitioner paid $29 to the Town of Harwichport on November 11, 1990, and we find that this payment related to trash removal.  We conclude that these remaining items are deductible in 1990.

Respondent determined that petitioner is liable for a penalty pursuant to section 6662(a).  Section 6662(a) imposes a penalty equal to 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations.

Negligence is defined as the lack of due care or the failure to do what a prudent person would do under the circumstances. Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 937 (1985).  Petitioner must prove that the negligence penalty does not apply.  Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

Petitioner contends that he and his father meticulously prepared his Federal income tax return for 1990.  Generally, the duty of filing accurate returns cannot be avoided by placing responsibility on an agent.  Metra Chem. Corp. v. Commissioner, 88 T.C. 654, 662 (1987); Enoch v. Commissioner, 57 T.C. 781, 802 (1972).  Petitioner cannot rely on the advice of his father to

avoid the negligence penalty, because petitioner failed to show that his father had any expertise in tax matters.  See Allen v. Commissioner, 925 F.2d 348, 353-354 (9th Cir. 1991), affg. 92 T.C. 1 (1989).

Failure to keep adequate records is some evidence of negligence.  Marcello v. Commissioner, supra at 507;  Magnon v. Commissioner, 73 T.C. 980, 1008 (1980).  Petitioner's records were incomplete and in disarray.  At trial, petitioner offered cancelled checks with few of the corresponding receipts.  These records provided very little, if any, indication of how the cancelled checks related to the Harwichport property.  For example, the cancelled checks payable to the oil companies did not indicate the items purchased, the dates of purchase, or where the transactions took place.

The testimony of petitioner and his father gave the distinct impression that petitioner kept no contemporaneous records of his expenses.  Petitioner's testimony that he advertised no property in the New York Times other than the Harwichport property was incorrect.  Petitioner deducted items such as clock repair and then offered nothing at trial that related the clock to the Harwichport property.  We conclude that the understatement is attributable to negligence.

We have addressed the items still in dispute that we can discern from the record.  However, the record and the briefs in this case leave much to be desired.  If items remain, we expect

the parties to resolve them in the context of a Rule 155
computation.  To reflect the foregoing and the concessions by the
parties,

<u>Decision will be entered</u>

<u>under Rule 155.</u>